UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TIMOTHY ANDERSON,

Plaintiff,

v.

GENERAL MOTORS,
FORD MOTOR COMPANY, and
DAIMLERCHRYSLER,

Defendants.

Civil No. 00-1542 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to bring a private antitrust action against the three major U.S. automakers -- Ford, Chrysler and General Motors. He alleges in his one-page complaint that Defendants "entered into a conspiracy to raise, fix[] and maintain[] prices" on certain products that each of them manufactures, namely their light trucks and sport utility vehicles, (also known as "SUVs"). The complaint alleges that light trucks and SUVs have been very profitable products for all three of the Defendants. It is further alleged that

FILED JUL 11 2000
FRANCIS E. [illegible]AL, CLERK
JUDGMENT ENT[illegible]
DEPUTY CLERK

Defendants have been able to maintain high profitability levels because they "are not competing on price in [the] light truck and SUV market."

According to Plaintiff's complaint, the alleged lack of competition in the light truck and SUV market is the result of a conspiracy between the three Defendants. It is alleged that –

> "This conspiracy is easel [sic] maintained because the three companies have had their headquarters in or near Detroit, MI. There [sic] executives go to the same country clubs, sporting and social events. As a result, the defendant's [sic] combination and conspiracy, can take place over around [sic] of golf, or at lions, piston[s], tigers and redwings game. The opportunity for these three companies to conspire with each other in one city is limitless and given the tens of billions of dollars a year they make of light truck and SUV[] [t]he evidence is overwhelming that they have."

No other facts are alleged in support of Plaintiff's antitrust claims. In the "relief requested" section of his complaint, Plaintiff contends that he "should be given a set [sic] on the broad [sic] of directors of all three companies[] [a]long with ten million dollars for all three companies."

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] For the reasons discussed below, the Court concludes that Plaintiff's present

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and

complaint does not state valid cause of action, and that it should therefore be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

The complaint in this case is defective because it does not include sufficient factual allegations to support an actionable claim against any of the Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts which, if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). This general pleading requirement is fully applicable to antitrust cases, such as this one. As the Fourth Circuit Court of Appeals has ably explained:

> "[T]he allegations [offered in support of an antitrust claim] must be stated in terms that are neither vague nor conclusory.... [citation omitted] A mere allegation that 'the defendants violated the antitrust laws as to a particular plaintiff and commodity' is insufficient.... [citation omitted] Although we will assume that the plaintiffs can prove the facts that they allege in their complaint, 'it is not, however, proper to assume that plaintiffs can prove facts that they have not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged.'... [citation omitted]... [I]n order to adequately allege an antitrust conspiracy, the pleader must 'provide, whenever possible, some details of the time, place and alleged

---

therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

> effect of the conspiracy; it is not enough merely to state that a conspiracy has taken place.'... [citation omitted] Dismissal of a 'bare bones allegation of antitrust conspiracy without any supporting facts is appropriate.'... [citation omitted]"

Estate Const. Co. v. Miller & Smith Holding Co., Inc., 14 F.3d 213, 221 (4th Cir. 1994) (emphasis added).

Plaintiff's current complaint is fatally deficient for the simple reason that it does not allege enough historical facts to support an actionable antitrust claim against any of the named Defendants. The complaint does not allege with adequate specificity what the various Defendants have actually done that should cause them to be liable to Plaintiff under the federal antitrust laws. Instead of describing specific historical events, Plaintiff has pleaded nothing more than conclusory allegations of a conspiracy. He merely speculates that certain unidentified executives of the Defendant companies have had "opportunities" to meet with each other during social events. Such speculation is not sufficient to support a federal antitrust cause of action. Although Plaintiff is not required to plead every piece of evidence that he might ultimately seek to offer in support of his claims, his complaint must provide something more than just vague speculation regarding Defendants' "opportunities" to enter into a conspiracy.

In short, Plaintiff's complaint provides a textbook example of the type of "bare bones" pleading that does not state an actionable antitrust claim. Again, a complaint must allege specific historical facts which, if ultimately established, would substantiate the plaintiff's legal claims against the named defendants. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such

pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). The instant complaint does not satisfy this requirement; it does not include sufficient factual allegations to state an actionable antitrust claim.[2]

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a claim on which relief can be granted. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 10, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[2] The Court further notes that Plaintiff has not identified any specific injury that he personally has sustained as a result of Defendants' alleged antitrust conspiracy. He does not allege that he has ever purchased a light truck or SUV from any of the Defendants, (and his IFP application expressly indicates that he does not presently own any "automobiles or any other things of value"); nor does he allege that he has even attempted to purchase such a vehicle from any of the Defendants. If Plaintiff has not suffered any personal harm as a result of Defendants' alleged antitrust activities, he would not appear to have legal standing to maintain a private antitrust action against them.

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.